[Cite as *State v. Barnes*, 2013-Ohio-1298.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-T-0049** |
| TIMOTHY BARNES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2012 CR 00100.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Sean C. Buchanan*, Buchanan Legal, P.O. Box 1443, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Timothy Barnes, appeals the entry of sentence from the Trumbull County Court of Common Pleas sentencing him to 15 months in prison for three, fourth-degree felony charges of unlawful sexual conduct with a minor. For the following reasons, the judgment is affirmed.

{¶2} On March 6, 2012, appellant entered a plea of guilty on three counts of unlawful sexual conduct with a minor, fourth-degree felonies in violation of R.C.

2907.04(A) and (B)(1). The conviction stemmed from appellant's unlawful sexual conduct with his daughter.

{¶3} On May 8, 2012, the trial court sentenced appellant to serve 15 months in prison on each charge, to be served concurrently, after finding the victim suffered physical harm. Appellant timely appeals this entry of sentence.

{¶4} During oral argument, appellant withdrew his first assignment of error. Appellant's remaining assignment of error states:

{¶5} "The court erred in sentencing Mr. Barnes to prison under O.R.C. 2929.13 for a first time nonviolent felonies [sic] of the fourth degree."

{¶6} In his sole assignment of error, appellant argues the trial court erred in sentencing him to prison. He contends R.C. 2929.13 creates an initial mandatory sanction of community control for felonies of the fourth degree if certain requirements are met. Appellant argues that because he met these requirements, he should not have been sentenced to prison. Appellant essentially states his sentence is clearly and convincingly contrary to law and requests the case be remanded for "sentencing consistent with the Ohio Revised Code."

{¶7} In evaluating felony sentences, this court has followed the standard of review set forth by a plurality of the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. *See State v. Petti*, 11th Dist. No. 2012-L-045, 2012-Ohio-6130, ¶10-13; *see also State v. Anderson*, 11th Dist. No. 2011-G-3044, 2012-Ohio-4203, ¶11 ("[a]lthough *Kalish* is a plurality opinion, we apply *Kalish* to appeals involving felony sentencing until the court provides further guidance on this matter"). The sentence is first reviewed to determine whether the trial court complied with all applicable rules and statutes.

2

{¶8} Contrary to appellant's assertions, we find the trial court acted in accord with all applicable rules and statutes. Appellant pled guilty to three, fourth-degree felony counts of unlawful sexual conduct with a minor and was sentenced after the H.B. 86 amendment of R.C. 2929.13.

{¶9} At the time of appellant's sentence, R.C. 2929.13(B)(1)(a) stated:

{¶10} "*Except as provided in division (B)(1)(b) of this section*, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply[.]" (Emphasis added.)

{¶11} The statute then listed various conditions the offender must meet to become eligible under the section. Appellant claims he met these conditions, thereby requiring a community control sanction and prohibiting a prison term.

{¶12} However, at the time of sentencing, the trial court was authorized to impose a prison term under R.C. 2929.13(B)(1)(b)(ii) after finding appellant caused physical harm to the victim while committing the offense. Here, the trial court found appellant caused "serious psychological and physical harm" to the victim in that she attempted suicide and was hospitalized for psychiatric care. Specifically, the trial court found the victim has had to receive medical treatment "as a result of the extreme mental and emotional damage caused by this defendant's abhorrent actions."

{¶13} R.C. 2901.01(A)(3) defines physical harm to persons as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.04(A)(5)(a) defines *serious* physical harm to persons as, inter alia, "[a]ny mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment." Logic dictates that a finding of serious physical harm

3

permits a trial court to impose a prison term under R.C. 2929.13(B)(1)(B)(ii), which mandates a finding of a lower-threshold physical harm.

{¶14} Though appellant seems now to question the validity of the trial court's finding on the matter of "serious psychological and physical harm," he did not raise an objection to the factual assertion in the state's sentencing memorandum or during sentencing. *See State v. Cochran*, 10th Dist. No. 11AP-408, 2012-Ohio-5899, ¶51 ("[a]ppellant failed to object to her sentence on these grounds at sentencing and therefore has waived all but plain error"); *State v. Fields*, 12th Dist. Nos. CA2005-03-067 & CA2005-03-068, 2005-Ohio-6270, ¶20. Appellant has further failed to demonstrate plain error.

{¶15} Additionally, the 15-month prison term falls within the statutory permissible range of fourth-degree felonies pursuant to R.C. 2929.14(A)(4). Further, the trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the seriousness and recidivism factors found in R.C. 2929.12. The trial court found appellant not amenable to community control due to the seriousness of the crime and the impact on the victim, which included serious psychological and physical harm.

{¶16} Next, it must be considered whether, in selecting the term of imprisonment within the permissible statutory range, the trial court abused its discretion. R.C. 2929.13(B)(1)(b)(ii) allows for a trial court, in its discretion, to impose a term of imprisonment after finding the offender caused physical harm to the victim while committing the offense. The court noted the victim, appellant's biological daughter, is receiving medical treatment, and it concluded a community control sanction would demean the seriousness of the crime. The trial court also considered the lack of remorse shown by appellant, evidenced in part by his statement, which the court

4

deemed "self-centered, self-serving, and unapologetic." It cannot be concluded the trial court abused its discretion in finding appellant not amenable to community control and imposing a concurrent prison sentence within the statutory range for fourth-degree felonies.

{¶17} As a final note, the state raises an additional foundation for affirming the trial court's ruling, arguing the community control sanction provisions of R.C. 2929.13 are unconstitutional because they violate the separation of powers doctrine. The state points out that this argument was contained in the state's sentencing memorandum before the trial court's consideration. The state is essentially defending the judgment of the trial court based on a theory upon which the trial court did not rely. The state has not formally raised a cross-assignment of error pursuant to R.C. 2505.22, which is the proper vehicle to be used for this purpose. However, the cross-assignment of error would have only been addressed, as provided in the statute, to prevent a reversal of the judgment in whole or in part. As this court is affirming the sentence, the state's contention will not be evaluated.

{¶18} Appellant's sole assignment of error is without merit.

{¶19} The judgment of the Trumbull County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.