[Cite as *State v. Belcher*, 2019-Ohio-1468.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-70 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-140 |
| | : | |
| JESSICA BELCHER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of April, 2019.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
     Attorney for Plaintiff-Appellee

SCOTT N. BLAUVELT, Atty. Reg. No. 0068177, 315 South Monument Avenue, Hamilton, Ohio 45011
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

**{¶ 1}** Defendant-appellant, Jessica Belcher, appeals from the judgment of the Clark County Court of Common Pleas, which imposed a 10-month prison sentence after she pled guilty to one fifth-degree-felony count of failure to stop after an accident. In support of her appeal, Belcher argues that the trial court's imposition of a prison sentence was contrary to law. Specifically, Belcher maintains that the record does not support the trial court's finding that it had discretion under R.C. 2929.13(B)(1)(b)(ii) to impose a prison term for her offense. For the reasons outlined below, we agree that the trial court's sentence was contrary to law. Accordingly, Belcher's sentence will be vacated, and the matter will be remanded to the trial court for resentencing.

## Facts and Course of Proceedings

**{¶ 2}** On March 5, 2018, the Clark County Grand Jury returned an indictment charging Belcher with two counts of failure to stop after an accident in violation of R.C. 4549.02(A). Both counts were charged as fifth-degree felonies due to the allegation that the accident in question resulted in serious physical harm to another.

**{¶ 3}** The charges stemmed from Belcher striking a motorcycle with her Dodge Neon as she was driving through an intersection in Clark County, Ohio. The motorcycle had two riders, both of whom were ejected from the motorcycle and seriously injured as a result of the collision. After the collision, Belcher drove away from the scene of the accident without attempting to aid the injured motorcyclists or calling 9-1-1. Belcher's vehicle broke down a short distance away, and she remained at her vehicle until she heard an ambulance arrive. Once the ambulance arrived, Belcher abandoned her

vehicle and left the area.

{¶ 4} On May 7, 2018, as part of a plea agreement, Belcher pled guilty to one count of failure to stop after an accident in exchange for the second charge being dismissed. The trial court accepted Belcher's guilty plea upon finding it was knowingly, intelligently, and voluntarily entered. Following Belcher's guilty plea, the trial court ordered a presentence investigation and scheduled the matter for sentencing. At sentencing, the trial court heard statements from the two motorcyclists regarding their injuries and the effect the accident had had on their lives.

{¶ 5} The first motorcyclist, Crystal Blevins, advised the trial court that as a result of the accident, she sustained broken ribs, damaged vertebrae, broken fingers, and a broken pelvis. Blevins also stated that she had to have over 100 stitches in her scalp and some metal pins placed in her ankle and foot, which prevent her from bending her toes. Blevins further indicated that she will need to have her hip and knee replaced and will also require neck surgery in the future.

{¶ 6} The second motorcyclist, Paul Lumford, advised the trial court that his physical injuries were not as severe as Blevins'. The presentence investigation report indicated that Lumford suffered from a shoulder injury and body trauma that required the removal of his gall bladder. Lumford also informed the trial court that he has suffered emotional trauma, which has affected his social skills.

{¶ 7} Following the motorcyclists' statements, the trial court found under R.C. 2929.13(B)(1)(b)(ii) that Belcher caused serious physical harm to another while committing the offense in question. By virtue of that finding, the trial court determined that it had authority to sentence Belcher to prison and imposed a 10-month prison term.

Belcher challenges the trial court's sentencing decision on appeal, raising a single assignment of error for review.

**Assignment of Error**

{¶ 8} Belcher's assignment of error is as follows:

THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM FOR COMMISSION OF A NONVIOLENT FIFTH[-]DEGREE FELONY.

{¶ 9} In her assignment of error, Belcher contends that the 10-month prison sentence imposed by the trial court is contrary to law. Specifically, Belcher argues that the trial court's finding under R.C. 2929.13(B)(1)(b)(ii)—that she caused serious physical harm to another person while committing the offense of failure to stop after an accident— is not supported by the record. Although Belcher agrees that at least one of the motorcyclists suffered serious physical harm during the collision, Belcher maintains that the record only indicates that the injuries were sustained as a result of the collision, not the failure to stop offense for which she was convicted. Given the error in the trial court's finding, Belcher argues that the trial court did not have authority to sentence her to prison for the nonviolent, fifth-degree felony. We agree.

{¶ 10} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 11} As previously noted, Belcher was sentenced for failure to stop after an accident in violation of R.C. 4549.02(A)(1).   That statute provides as follows:

In the case of a motor vehicle accident or collision with persons or property on a public road or highway, the operator of the motor vehicle, having knowledge of the accident or collision, immediately shall stop the operator's motor vehicle at the scene of the accident or collision.   The operator shall remain at the scene of the accident or collision until the operator has given the operator's name and address and, if the operator is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to all of the following:

(a) Any person injured in the accident or collision;

(b) The operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision;

(c) The police officer at the scene of the accident or collision.

R.C. 4549.02(A)(1).

{¶ 12} Pursuant to this language, "R.C. 4549.02 requires a driver involved in a collision on a public street to stay at the scene until he or she has given his or her name, address, and registration number to the other driver, to any injured party, or to a police officer."   *State v. Williams*, 79 Ohio St.3d 1, 14, 679 N.E.2d 646 (1997).   A person who fails to do this is guilty of failure to stop after an accident.   R.C. 4549.02(B)(1).

{¶ 13} Generally, a driver who violates R.C. 4549.02 is guilty of committing a first-degree misdemeanor.   R.C. 4549.02(B)(1).   However, as in this case, "[if] the accident or collision results in serious physical harm to a person," the offense is punishable as a

fifth-degree felony.   R.C. 4549.02(B)(2)(a).

{¶ 14} Pursuant to R.C. 2929.13(B)(1)(a), the sentencing court must impose a community control sanction for nonviolent, fifth-degree felonies such as failure to stop after an accident if all the following criteria are met:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

R.C. 2929.13(B)(1)(a)(i)-(iv).

{¶ 15} In this case, there is no dispute that Belcher satisfies all the foregoing criteria under R.C. 2929.13(B)(1)(a).   However, notwithstanding that fact, there are certain exceptions in R.C. 2929.13(B)(1)(b) that allow a trial court to impose a prison term for nonviolent, fifth-degree felonies.   One of those exceptions is if "the offender caused physical harm to another person *while committing the offense*."   (Emphasis added.)

R.C. 2929.13(B)(1)(b)(ii). Here, the trial court found that the exception in R.C. 2929.13(B)(1)(b)(ii) applied to Belcher and imposed a prison term on that basis.

{¶ 16} The trial court in *State v. Jones*, 1st Dist. Hamilton No. C-140299, 2015-Ohio-1189, made the exact same finding under a set of circumstances almost identical to the present case. Like Belcher, the defendant in *Jones* struck a motorcyclist while driving her vehicle and thereafter fled the scene of the accident. *Id.* at ¶ 1. The motorcyclist suffered serious physical injuries, including a fractured hip, dislocated knee, and ruptured spleen. *Id.* at ¶ 4. After being indicted, the defendant in *Jones* pled guilty to failure to stop after an accident as a felony of the fifth degree. *Id.* at ¶ 1. At sentencing, the trial court advised the defendant, who also satisfied the criteria under R.C. 2929.13(B)(1)(a), that she was qualified to go to prison under R.C. 2929.13(B)(1)(b)(ii). This, as the trial court noted, was based on the fact that she had "caused physical harm to another person while committing the offense." *Id.* at ¶ 4. The trial court thereafter sentenced the defendant to 12 months in prison. *Id.*

{¶ 17} On appeal, the defendant in *Jones* argued that "the record before the trial court failed to demonstrate that she had caused any physical harm, beyond the injuries inflicted in the actual collision, while committing the punished offense of failure to stop after an accident." *Id.* at ¶ 11. The defendant further argued that the motorcyclist's injuries "were inflicted by the collision itself and that there was no evidence in the record that anything she did nor failed to do after the accident caused physical harm to the victim." *Id.*

{¶ 18} Upon review, the First Appellate District agreed with the defendant in *Jones*. The court held that it clearly and convincingly found that the record did not support the

trial court's determination that the defendant had caused physical harm to the motorcyclist while committing the offense of failure to stop. *Id.* at ¶ 14. Specifically, the court held that "[t]here was no testimony from a bystander, emergency personnel, or hospital staff on the state of the victim's injuries or on the impact that delaying treatment might have had." *Id.* at ¶ 12. Because there was no evidence to support a finding that the physical injury exception in R.C. 2929.13(B)(1)(b)(ii) applied, the First District held that the prison sentence imposed by the trial court was contrary to law. *Id.* at ¶ 14.

{¶ 19} The State maintains that the decision in *Jones* was incorrect because serious physical harm is an element of the failure to stop offense as a fifth-degree felony. The State's argument is flawed, however, because the felony enhancement element of R.C. 4549.02 provides that the offense becomes a fifth-degree felony if "*the accident or collision* results in serious physical harm to a person[.]" (Emphasis added.) R.C. 4549.02(B)(2)(a). The statute does not state that the offense becomes a fifth-degree felony if the failure to stop caused serious physical harm. Therefore, serious physical harm *flowing from the failure to stop* is not an element of the offense. In turn, a conviction for fifth-degree-felony failure to stop does not by itself support a finding that the offense caused physical harm. Rather, there must be some evidence that the failure to stop offense resulted in further physical injury beyond what was sustained in the accident.

{¶ 20} As previously noted, the trial court in this case found that R.C. 2929.13(B)(1)(b)(ii) applied to Belcher because she caused serious physical harm to the motorcyclists while committing the failure to stop offense. However, as in *Jones*, there is nothing in the record to indicate that Belcher's failure to stop after the accident caused any further injury to the motorcyclists. That is to say, the trial court was not presented

with any evidence establishing that the delay in medical treatment caused by Belcher's failure to stop resulted in physical harm beyond what was caused by the accident.

{¶ 21} If the legislature intended for the exception in R.C. 2929.13(B)(1)(b)(ii) to apply to situations like the present case, it chose the wrong language. It should have specified that in cases involving a fifth-degree-felony offense of failure to stop after an accident, the physical harm need not arise from the offense itself, but from the related accident.

{¶ 22} Based on the facts and circumstances of this case, we find that there is nothing in the record to support the trial court's finding that the physical harm exception under R.C. 2929.13(B)(1)(b)(ii) applied to Belcher. Accordingly, the trial court did not have authority to impose a prison term for Belcher's offense, but was instead required to impose a community control sanction pursuant to R.C. 2929.13(B)(1)(a). For this reason, we clearly and convincingly find that Belcher's prison sentence is contrary to law and must be vacated.

{¶ 23} Belcher's sole assignment of error is sustained.


**Conclusion**

{¶ 24} Having sustained Belcher's assignment of error, the 10-month prison sentence imposed by the trial court is vacated, and the matter is remanded to the trial court for resentencing. On remand, the trial court shall conduct a de novo sentencing hearing that is consistent with this opinion and Ohio law as it relates to sentencing for a nonviolent, fifth-degree felony offense.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.


Copies sent to:

Andrew P. Pickering
Scott N. Blauvelt
Hon. Douglas M. Rastatter