[Cite as *State v. Reynolds*, 2020-Ohio-942.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190055 |
| | | TRIAL NO. B-1805852 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DANIEL REYNOLDS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
Remanded

Date of Judgment Entry on Appeal:  March 13, 2020


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger,*
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna.*, for Defendant-Appellant.

**ZAYAS, Judge.**

{¶1} Daniel Reynolds appeals his sentence, after a no-contest plea, for failure to stop after an accident. In his sole assignment of error, Reynolds contends that the trial court erred by sentencing him to prison after erroneously concluding that he had caused physical harm while committing the offense. We agree, and reverse the judgment of the trial court as to the sentence imposed and remand the cause for resentencing consistent with this opinion.

## Factual Background

{¶2} Daniel Reynolds pled no contest to a violation of R.C. 4549.02 for failing to stop after an accident. The offense was a felony of the fourth degree under R.C. 4549.02(B)(2)(b) because the "accident or collision resulted in serious physical harm to a person" and "the offender knew that the accident or collision resulted in serious physical harm to a person."

{¶3} The charges stemmed from Reynolds hitting Deputy Curtis Taylor, a sheriff's deputy who was directing traffic on Hamilton Avenue. After the collision, Reynolds left the scene without stopping. Deputy Taylor sustained serious injuries as a result.

{¶4} At the sentencing hearing, the state requested that the court impose a maximum penalty due to the severity of the injuries to Deputy Taylor. The trial court sentenced Reynolds to 18 months' incarceration, the maximum penalty for a fourth-degree felony.

## Law and Analysis

{¶5} In his sole assignment of error, Reynolds argues that the sentence is contrary to law because R.C. 2929.13(B)(1)(a) does not authorize a prison term for Reynolds who had not been previously convicted of a felony, his most serious charge

was a felony of the fourth degree, and he had not been convicted of a misdemeanor offense of violence within the past two years. Additionally, he could not be sentenced to a prison term under R.C. 2929.13(B)(1)(b) which allows a prison term when "the offender caused physical harm to another person while committing the offense."

{¶6} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶7} Under R.C. 4549.02, a driver involved in an accident is required to stay at the scene until he or she has given his or her name, address, and registration number to the other driver, to any injured party, or to a police officer. R.C. 4549.02(A)(1). A person who fails to do this is guilty of failure to stop after an accident. R.C. 4549.02(B)(1). Where, as here, the accident resulted in serious physical harm, and the offender knew that the accident resulted in serious physical harm, the offense is a fourth-degree felony. R.C. 4549.02(B)(2)(b).

{¶8} R.C. 2929.13(B)(1)(a) requires the court to impose a community-control sanction for a felony of the fourth degree when all of the following conditions are met: (i) the offender previously has not been convicted of or pleaded guilty to a felony offense; (ii) the most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree; (iii) if the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this

3

section, the department, within the 45-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community-control sanctions that are available for persons sentenced by the court; (iv) and the offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶9} Both parties agree that Reynolds satisfies the requirements of R.C. 2929.13(B)(1)(a). But, a prison term can still be imposed if the court finds that any of the exceptions in R.C. 2929.13(B)(1)(b) apply. The only relevant exception is if "the offender caused physical harm to another person while committing the offense." R.C. 2929.13(B)(1)(b)(ii). In this case, the court applied the exception to Reynolds and imposed a prison term.

{¶10} This court has already determined that the record must establish that the physical harm was caused by the failure to stop and not by the accident or collision in order to impose a prison term. *See State v. Jones*, 1st Dist. Hamilton No. C-140299, 2015-Ohio-1189, ¶ 14. However, the state requests that this court reconsider the result reached in *Jones* and hold that the serious physical harm was caused by the continuing course of conduct of causing the accident that resulted in serious physical harm, and then fleeing the scene.

{¶11} We decline the state's request. The state's interpretation would require this court to insert words into the statute that the legislature did not. *See State v. Belcher*, 2d Dist. Clark No. 2018-CA-70, 2019-Ohio-1468, ¶ 21 (explaining that "[i]f the legislature intended for the exception in R.C. 2929.13(B)(1)(b)(ii) to apply to situations like the present case, it chose the wrong language. It should have

4

specified that in cases involving a fifth-degree [or fourth-degree] felony offense of failure to stop after an accident, the physical harm need not arise from the offense itself, but from the related accident."). Accordingly, we sustain Reynolds's sole assignment of error.

## Conclusion

{¶12} Finding merit to Reynolds's assignment of error, we reverse the judgment of the trial court as to the sentence imposed and remand the cause for resentencing. The court's judgment is affirmed in all other respects.

Judgment affirmed in part, reversed in part, and cause remanded.

**BERGERON, J.**, concurs.
**MOCK, P.J.**, dissents.

**MOCK, P.J.,** dissenting.

{¶13} I recognize that the outcome in this case is controlled by this court's decision in *State v. Jones*, 1st Dist. Hamilton No. C-140299, 2015-Ohio-1189. But I believe that *Jones* was wrongly decided. The state has requested that we revisit that decision, and I believe that we should.

{¶14} In *Jones*, the defendant was charged with failure to stop or exchange information after an accident when her sport utility vehicle struck a motorcycle seriously injuring the driver. Jones was charged with the offense as a fifth-degree felony. The trial court accepted her guilty plea and sentenced her to 12 months in prison. On appeal, this court concluded that a prison sentence was not available. The court noted that, generally, a nonviolent felony of the fifth degree is presumptively punishable by community control. The court noted that

> The presumption of a community-control sanction, however, is subject
>
> to the exceptions listed in R.C. 2929.13(B)(1)(b). The exception that

5

the trial court found applicable in this case, R.C. 2929.13(B)(1)(b)(ii), permits a court, in its discretion, to impose a term of imprisonment for a nonviolent fifth-degree felony after finding that "the offender caused physical harm to the victim while committing the offense." (Emphasis added.) *See State v. Barnes*, 11th Dist. Trumbull No. 2012-T-0049, 2013-Ohio-1298, ¶ 16; *see also* [*State v. Hamilton*, 1st Dist. Hamilton No. C-140290, 2015-Ohio-334, ¶ 10-11].

*Id.* at ¶ 10. The court began by setting forth Jones's position:

Jones contends that her sentence was contrary to law because the record before the trial court failed to demonstrate that Jones had caused any physical harm, beyond the injuries inflicted in the actual collision, while committing the punished offense of failure to stop or to exchange information. Jones argues that the victim's serious injuries were inflicted by the collision itself, and that there was no evidence in the record that anything she did or failed to do after the accident caused physical harm to the victim.

*Id.* at ¶ 11. The state's counterargument was that the severity of the victim's injury was exacerbated by the fact that Jones's failure to stop and contact authorities delayed an emergency medical response. But the court found no evidence of this in the record. Without further analysis, the court concluded:

In this case, the requirements of R.C. 2929.13(B)(1)(a) were met. Jones was presumptively ineligible for a prison term for the fifth-degree felony of failure to stop, which was not an offense of violence or a qualifying assault offense. On the state of the record before us,

however, we clearly and convincingly find that the record does not support the trial court's determination that Jones had caused physical harm to the victim while committing the offense of failure to stop. There is no evidence to support a finding that the exception in R.C. 2929.13(B)(1)(b)(ii) applied to Jones. Thus, the sentence was contrary to law. *See Hamilton*, 1st Dist. Hamilton No. C-140290, 2015-Ohio-334, at ¶ 16.

*Id.* at ¶ 14.

{**¶15**} The problem with this analysis is how the *Jones* court defined the offense. R.C. 2929.13(B)(1)(b) gives the trial court the discretion to impose a prison term if "the offender caused serious physical harm to another person *while committing the offense.*" (Emphasis added.) R.C. 2929.13(B)(1)(b)(ii). The *Jones* court limited its definition of the *offense* to failing to stop and exchange information after an accident. But that is the offense as a misdemeanor of the first degree. The offense becomes a felony when the accident or collision results in serious physical harm to a person. *See* R.C. 4549.02(B)(2). And that elevation changes the analysis entirely.

{**¶16**} When an element of a statute raises the degree of an offense, that element becomes an essential element of the offense. *See State v. Allen*, 29 Ohio St.3d 53, 54, 506 N.E.2d 199 (1987). The Ohio Supreme Court in *Allen*, addressing the effect of a prior OVI conviction, concluded that "the fact of a prior conviction did not simply enhance the penalty. It transformed the crime itself by increasing its degree. In such a case, the prior conviction is an essential element of the crime and must be proved by the state." *Id.* Thus, elements that elevate the degree of offense

change the nature of the crime at a definitional level. As the Supreme Court later described it, the enhancement "transforms the crime itself by increasing the degree." *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 8.

{¶17} This can also be seen in this state's jurisprudence relating to the amendment of indictments. As the Ohio Supreme Court has held,

> Under Crim.R. 7(D), a court may amend an indictment "at any time" if the amendment does not change "the name or identity of the crime charged." We consider whether an amendment that changes the penalty or degree of a charged offense is permissible under Crim.R. 7(D). We hold that Crim.R. 7(D) does not permit the amendment of an indictment when the amendment changes the penalty or degree of the charged offense, because such a change alters the identi[t]y of the offense.

*State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶ 1. As the Fourth Appellate District noted, amending an indictment in such a way that the degree of the offense is increased is impermissible because "the amendment effectively changes the identity of the crime in violation of Crim.R. 7(D)." *State v. Davis*, 4th Dist. Highland No. 06CA26, 2007-Ohio-2249, ¶ 24; *see State v. Jones*, 2015-Ohio-4116, 43 N.E.3d 833, ¶ 125 (2d Dist.); *State v. Shockey*, 2019-Ohio-2417, 139 N.E.3d 486 (9th Dist.).

{¶18} In *Jones*, the defendant could not have been tried for the offense as a felony unless the indictment indicated that the accident she fled from caused serious physical harm. Adding that allegation not only elevated the penalty for the crime, but it altered the identity of the offense. Similarly, if the state had failed to prove that

there had been serious physical harm as a result of the accident, Jones could not have been convicted because that allegation not only elevated the penalty for the crime, but it became an essential element that the state had to prove beyond a reasonable doubt.

{¶19} I recognize that the Second Appellate District has rejected this argument. In adopting the rationale of the *Jones* decision, the court stated:

> The State maintains that the decision in *Jones* was incorrect because serious physical harm is an element of the failure to stop offense as a fifth-degree felony. The State's argument is flawed, however, because the felony enhancement element of R.C. 4549.02 provides that the offense becomes a fifth-degree felony if "*the accident or collision results in serious physical harm to a person*[.]" (Emphasis added.) R.C. 4549.02(B)(2)(a). The statute does not state that the offense becomes a fifth-degree felony if the failure to stop caused serious physical harm. Therefore, serious physical harm *flowing from the failure to stop* is not an element of the offense. In turn, a conviction for fifth-degree-felony failure to stop does not by itself support a finding that the offense caused physical harm. Rather, there must be some evidence that the failure to stop offense resulted in further physical injury beyond what was sustained in the accident.

(Emphasis sic.) *State v. Belcher*, 2d Dist. Clark No. 2018-CA-70, 2019-Ohio-1468, ¶ 19. The foundation of the court's analysis is the statement that "[t]he statute does not state that the offense becomes a fifth-degree felony *if the failure to stop caused serious physical harm*." But by beginning its discussion in this way, the Second

9

District assumed its own conclusion—that the "offense" at issue was limited to leaving the scene of an accident. But the "offense"—once elevated to the felony level—is not mere flight. It is flight from an accident after having caused serious physical harm.

{¶20} With the allegation of serious physical harm, the very identity of the offense changed. The crime of leaving the scene of an accident, as a fourth-degree felony, cannot as a matter of law be completed without the offender causing serious physical harm and knowing about that harm prior to flight. Under Ohio law, there simply is no "failure to stop offense" that is a felony that does not result in serious physical harm.

{¶21} Since the felony version of fleeing the scene of an accident requires proof that the defendant caused serious physical harm, and a conviction thereon cannot be obtained without proof of such harm, the course of committing the fleeing the scene of an accident begins with the accident and injury and is complete when the defendant flees. I believe that any other reading of the statute is inconsistent with how our jurisprudence treats elements that increase the degree of an offense, and it is a distinction that the *Jones* court failed to consider. For this reason, I would overrule our prior decision in *Jones*, conclude that the trial court had the discretion to impose a prison term in this case, and affirm the judgment of the trial court.

Please note:

The court has recorded its own entry on the date of the release of this opinion.