[Cite as *State v. Campbell*, 2020-Ohio-3146.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 19CA3683 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | |
| | : | DECISION AND JUDGMENT |
| | : | <u>ENTRY</u> |
| CHASSIDY CAMPBELL, | : | |
| | : | |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES:</u>

Jeffrey Marks, Ross County Prosecutor, Chillicothe, Ohio, for Appellee.

Chase B. Bunstine, Chillicothe, Ohio, for Appellant.

_____

Smith, P.J.

{¶1} This is an appeal from a Ross County Court of Common Pleas judgment entry that sentenced Appellant, Chassidy Campbell, to an aggregate twenty-four-month prison sentence for aggravated possession of drugs, in violation of R.C. 2925.11, and receiving stolen property, in violation of R.C. 2913.51. After reviewing the facts of the case and the law, we overrule Appellant's assignment of error and affirm the trial court's sentencing entry.

PROCEDURAL HISTORY

{¶2} On January 15, 2019, the State charged Appellant with receiving stolen property, a fourth-degree felony, and aggravated possession of drugs, a fifth-degree felony.  At her arraignment, she pled not guilty.

{¶3} On April 22, 2019, the trial court held a hearing to consider a plea agreement in which the State recommended a sentence of eight months in prison. During a colloquy with the trial court, Appellant indicated that she understood all the consequences of her plea, including that the court was not bound to accept the State's recommended sentence, and that the court could impose between six and eighteen months of prison time for the receiving stolen property charge, and between six and twelve months of prison time for the aggravated possession of drugs charge.  The trial court accepted Appellant's guilty plea, finding that she made a knowing, voluntary, and intelligent decision.  The trial court expressed a desire to proceed directly to sentencing.  However, Appellant sought a delay in sentencing purportedly to arrange care for her disabled child.  The trial court agreed and postponed sentencing until May 13, 2019 at 9:15 a.m. on the condition that Appellant would take weekly random drug tests until the 13th.  The trial court also told Appellant that if she tested positive for drugs or if she failed to appear on the 13th, "all bets are off." The court added, "you may go to prison for the full freight on this case."  Appellant stated that she understood.  The trial court then

ordered Appellant to be released on her own recognizance, but that she must first go to the probation department to be drug tested.

{¶4} Appellant was not present when the trial court convened for her sentencing hearing at 9:15 on May 13th. Appellant's counsel informed the court that Appellant stated she had been delayed by a car accident that occurred in front of her. The court noted that Appellant had failed to comply with her pretrial supervision but gave Appellant a few minutes to appear, stating that if she did not appear the court would issue an arrest warrant. At 9:29 a.m., the trial court recessed.

{¶5} At 9:31 a.m., the court went back on the record with Appellant present in the courtroom. The trial court expressed its concern that Appellant was late and stated that Appellant had failed to comply with the pre-sentencing requirements through the probation department. The court then ordered the probation department to drug test Appellant "right now." However, Appellant did not go to the probation department. Instead, she left the court and did not return. The court issued an entry finding that Appellant failed to appear for her sentencing hearing and issued a warrant for her arrest. Appellant was arrested on May 23, 2019.

{¶6} On May 24, 2019, the court held a hearing to sentence Appellant. At the hearing, the court recounted that at the May 13th hearing Appellant was

ordered to be drug tested, but instead she fled the courthouse and was later arrested by the Marshal Service on the 23rd pursuant to an arrest warrant.

{¶7} The trial court asked the State if it had any comments. The State alleged that Appellant was "dishonest" with the Marshals by attempting to "mislead" them about her identity.

{¶8} The trial court then asked Appellant if she had any comments. Appellant said that she "got really scared and ran" when the court mentioned a possible thirty-month sentence. She apologized for her behavior and claimed to be compliant with the drug testing. The trial court noted that Appellant tested positive for methamphetamine, MDMA, and THC. Appellant admitted to making poor choices.

{¶9} The court then proceeded with sentencing. The trial court stated that it had considered "[Presentence Investigation], the statements of [Appellant] and counsel, and I'm making my decision primarily based upon the overriding principals and purposes of felony sentencing. I've considered all the relevant and seriousness and recidivism factors. I find that the offender is not amenable to community control and that a prison term is consistent with the purposes and principals of felony sentencing." The court then sentenced Appellant to eighteen months for receiving stolen property and six months for aggravated possession of drugs with the sentences to be served consecutively to each other, for an aggregate

sentence of twenty-four months in prison. The court found that "consecutive sentences are necessary to protect the public and punish the offender, that they are not disproportionate and that I find that in this case the harm is so great or unusual that a single term does not adequately reflect the seriousness of Appellant's conduct." It is from this sentencing entry that Appellant appeals, asserting a single assignment of error.

## ASSIGNMENT OF ERROR

"APPELLANT ASSERTS THAT THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS FOR APPELLANT'S SENTENCE."

{¶10} Appellant argues that her sentence is not supported by the record. Appellant argues that a plea was negotiated with the State, which included a recommended eight-month sentence. Appellant admits that she made "some poor choices" in between her plea agreement and sentencing because she became "scared and panicked" from the prospect of additional time. Nevertheless, she argues that those poor choices do not warrant sixteen more months than were negotiated in the plea agreement. Therefore, she asks this court to vacate her sentence and remand her case for resentencing, or to reduce her sentence.

{¶11} In response, the State argues that the trial court made the requisite findings to support Appellant's twenty-four-month sentence. The State argues that the only indication that Appellant would receive less than twenty-four months was

the plea agreement, which reflected a recommended eight-month sentence. However, the State argues, after the plea agreement was reached Appellant tested positive for methamphetamine prior to her sentencing. The State also cites Appellant's flight from the courtroom after the trial court had ordered her to take a drug test. Therefore, the State argues Appellant's sentence is supported by the record.

THE LAW

1. Appealing a Felony Sentence.

{¶12} R.C. 2953.08(G) provides that a defendant may appeal a felony sentence under certain circumstances. Under R.C. 2953.08(G)(2), a reviewing court may vacate or modify a felony sentence only under two circumstances: "it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.* at ¶ 22, citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶13} Here we are concerned only with the first prong of *Marcum,* i.e. whether the trial court's sentencing *findings* are supported in the record. A

reviewing court may increase, reduce, or modify a sentence if "the record does not support the sentencing court's findings under" the following provisions (if applicable):  R.C. 2929.13(B) or (D), R.C. 2929.14(B)(2)(e) or (C)(4), R.C. 2929.20(I).  *State v. Lechner*, 4th Dist. Highland No. 19CA3, 2019-Ohio-4071, ¶ 50, 51, citing *Marcum* at ¶ 22-23.  Unlike the statutes mentioned in *Lechner,* "the general-guidance sentencing statutes of R.C. 2929.11 and 2929.12 * * * merely require courts to 'consider' the statutory factors to determine a sentence within the statutory range."  *State v. Washington,* 4th Dist. Gallia No. 17CA8, 2018-Ohio-3545, ¶ 22, (Abele, J. Concurring), citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36-42 (2007-Ohio-3944, ¶ 41, quoting *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856 N.E.2d 470, at ¶ 100).  Therefore, "it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court."  *Marcum*, at ¶ 23.

    2.  Required Sentencing Findings and Considerations.

{¶14} In this case, the trial court imposed prison terms for both the fourth- and fifth-degree felonies, which implicated R.C. 2929.13, as well as the general provision applicable to all felony sentencing, R.C. 2929.11 and R.C. 2929.12.  The trial court also required both prison terms to be served consecutively, which implicated R.C. 2929.14.

a.  R.C. 2929.13.

{¶15} "R.C. 2929.13(B)(1)(a) includes a presumption for community control if an offender is convicted of, or pleads guilty to, a felony of the fourth or fifth degree that is not an offense of violence." *State v. Grimmette*, 4th Dist. Scioto No. 18CA3830, 2019-Ohio-3576, ¶ 11, citing *State v. Napier*, 12th Dist. Clermont No. CA2016-04-022, 2017-Ohio-246, ¶ 44, *State v. Lilly*, 12th Dist. Clermont Nos. CA2017-06-029, CA2017-06-030, 2018-Ohio-1014, ¶ 15.  "The presumption of a community control sanction, however, is subject to the exceptions listed in R.C. 2929.13(B)(1)(b)." *Id*, citing *State v. Barnes,* 11th Dist. Trumbull No. 2012-T-0049, 2013-Ohio-1298, ¶ 16.  R.C. 2929.13(B)(1)(6) provides:

> The court has discretion to impose a prison term upon an
>
> offender who is convicted of or pleads guilty to a felony
>
> of the fourth or fifth degree that is not an offense of violence
>
> or that is a qualifying assault offense *if any of the following apply:*
>
> * * *
>
> (ix) The offender at the time of the offense was serving, or the
>
> *offender previously had served, a prison term.*
>
> (Emphasis added).

{¶16} Therefore, to overcome the presumption of a community control sanction for a fourth-or fifth-degree felony, a trial court must make findings under

R.C. 2929.13(B)(1)(b)(i)(xi) supported in the record to have discretion to impose a prison term. *See State v. Kelly*, 5th Dist. Delaware No. 13 CAA040028, 2014-Ohio-464, ¶ 40.[1]

   b.   R.C. 2929.11 and 2929.12.

{¶17} " '[T]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, * * * or more than the minimum sentences.' " *State v. Davis,* 4th Dist. Highland No. 06CA21, 2007-Ohio-3944, ¶ 41, quoting *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 100. "However, in exercising their discretion, trial courts must still *consider* R.C. 2929.11 and R.C. 2929.12 before imposing a sentence within the authorized statutory range." (Emphasis added.) *Id*, citing *Foster* at ¶ 105. R.C. 2929.11 provides that a court "shall be guided by the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender using the minimum sanctions to accomplish those purposes without

---

[1] The Second and Eleventh District Courts of Appeals have held that the presumption against a prison term for a fourth-or fifth-degree felony applies only if the defendant is convicted of a *single* fourth- or fifth-degree felony. The Eleventh District Court of Appeals reasoned: "If the legislature intended the presumption pertaining to community control to apply to situations in which an offender was convicted of or pleaded guilty to multiple felonies of the fourth or fifth degree, it could have pluralized these terms. It did not do so. As such, we construe the statute to envelop only those situations in which a qualifying offender has been convicted of or pleaded guilty to a singular, nonviolent felony of the fourth or fifth degree." *State v. Parrado*, 11th Dist. Trumbull No. 2015-T-0069, 2016-Ohio-1313, ¶ 23, *see also State v. Boswell*, 6th Dist. Erie No. E-18-053, 2019-Ohio-2949, ¶ 22 ("Based on our review of the plain language of R.C. 2929.13(B)(1)(a), we agree with the Eleventh District that the community control presumption contained therein applies only where the defendant pleads guilty to a singular nonviolent felony of the fourth or fifth degree"). Although we appreciate the logic of *Parrado's* holding, we decline to adopt it at this time.

unnecessary" burdening government resources. *State v. Watson* 4th Dist. Meigs Nos. 18CA20 & 18CA21, 2019-Ohio-4385, ¶ 12. " 'To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.' " *Id*, quoting R.C. 2929.11. "R.C. 2929.12 provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses." *Id*, citing *State v. Sawyer*, 4th Dist. Meigs No. 16CA2, 2017-Ohio-1433, ¶ 17.

   c.   R.C. 2929.14(C)(4).

{¶18} If a trial court orders multiple sentences to be served consecutively, the court must comply with R.C. 2929.14(C)(4), which requires a court to find that:

> (1) Consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of three circumstances * * * applies: * * * (a) the offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section

2929.16, 2929.17, or 2929.18 of the Revised Code, or was

under post-release control for a prior offense [,] (b) at least

two of the multiple offenses were committed as part of one

or more courses of conduct, and the harm caused by two or

more of the multiple offenses so committed was so great or

unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct

adequately reflects the seriousness of the offender's conduct[,]

(c) the offender's history of criminal conduct demonstrates

that consecutive sentences are necessary to protect the

public from future crime by the offender." *State v. Bass*,

4th Dist. Washington No. 16CA32, 2017-Ohio-7059, ¶ 8.

{¶19} A trial court is required to make these findings "at the sentencing

hearing and incorporate its findings into its sentencing entry, but it has no

obligation to state reasons to support its findings." *State v. Brunner*, 4th

Dist. Scioto Nos. 18CA3848, 18CA3849, 2019-Ohio-3410, ¶ 41, citing *State v.*

*Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29. "A word-for-

word recitation of the language of the statute is not required, and as long as the

reviewing court can discern that the trial court engaged in the correct analysis and

can determine that the record contains evidence to support the findings,

consecutive sentences should be upheld." *Bonnell*, 2014-Ohio-3177, ¶ 29, 140

Ohio St.3d 209, 218, 16 N.E.3d 659, 666.

ANALYSIS

a.   The Trial Court Did Not Err in Rejecting the Recommended Sentence.

{¶20} Before we address whether the trial court's sentencing findings and

considerations are supported in the record, we will address a preliminary matter

implicitly raised in Appellant's argument.  Appellant argues that her "poor

choices" of using drugs during her release prior to sentencing and her flight from

court during her sentencing hearing did not warrant a sentence that was a sixteen-

month upward departure from the recommended eight-month sentence.  However,

" ' "[a] trial court does not err by imposing a sentence greater than that forming the

inducement for the defendant to plead guilty when the trial court forewarns the

defendant of the applicable penalties, including the possibility of imposing a

greater sentence than that is recommended by the prosecutor." ' " *State ex rel.*

*Duran v. Kelsey,* 106 Ohio St. 3d 58, 2005-Ohio-3674, 831 N.E. 2d 450, quoting

*State v. Buchanan,* 154 Ohio App. 3d 250, 2003-Ohio-4772, 796 N.E.2d 1003, at

¶13, quoting *State v. Pettiford*, 12th Dist. Fayette No. CA2001-08-014, 2002 WL

652371, *3.

{¶21} At her plea hearing, the trial court informed Appellant that she could

receive more than the recommended eight-month sentence and was admonished

that using drugs or failing to appear at her sentencing could result in a greater sentence. She chose to ignore that admonishment. The trial court did not err in deciding not to impose the recommended eight-month sentence under *Kelsey*.

    b. The Trial Court's Findings and Considerations are Supported in the Record.

    1. Prison Terms.

{¶22} In sentencing Appellant, the trial court considered in part Appellant's presentence investigation indicating that she had previously served a prison term. This was sufficient to rebut the presumption of a community control sanction for a fourth- or fifth-degree felony, and imbued the trial court with discretion to impose the prison terms under R.C. 2929.13(B)(1)(b)(ix).

{¶23} The trial court also stated that it relied on the "overriding principals of felony sentencing," including the "minimum sanctions necessary to accomplish the purposes of felony sentencing" (R.C. 2929.11), and "considered" the "relevant seriousness and recidivism factors" (R.C. 2929.12) in deciding that Appellant was not amenable to community control and prison was necessary.

{¶24} The trial court was not required to make any findings regarding the particular length of the sentence as long as it was within the permissible statutory range. *Davis*, 4th Dist. Highland No. 06CA21, 2007-Ohio-3944, ¶ 41. Both of Appellant's prison terms were within the statutory range. *See* R.C. 2929.14(A)(4)

and (5) (for a fourth-degree felony the range is 6-18 months and for a fifth-degree felony the range is 6-12 months).

{¶25} Therefore, we find that the trial court's consideration of R.C. 2929.11 and 2929.12 in sentencing appellant to an eighteen-month prison term for receiving stolen property is supported by the record. We further find that the trial court's consideration of R.C. 2929.11 and 2929.12 in sentencing appellant to a six-month prison term for aggravated possession of drugs is also supported in the record. *Washington*, 4th Dist. Gallia No. 17CA8, 2018-Ohio-3545, ¶ 22, (Abele, J. concurring) ("the general guidance sentencing statutes of R.C. 2929.11 and 2929.12 * * * merely require courts to "consider" the statutory factors" when imposing a sentence).

{¶26} Accordingly, we hold that the trial court's findings and considerations in sentencing Appellant to the two prison terms are supported in the record.

2. Consecutive Sentences.

{¶27} In ordering Appellant's prison terms to be served consecutively, the sentencing entry stated: consecutive service of sentences is necessary to protect the public from future crime and to punish the [Appellant] and that consecutive sentences are not disproportionate to the seriousness of [Appellant's] conduct and the danger that the [Appellant] poses to the public. Further, the Court finds that

[Appellant's] history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the [Appellant].

{¶28} These findings are consistent with those required by R.C. 2929.14(C)(4)(b) & (c).[2]

CONCLUSION

{¶29} Because we find no clear and convincing evidence that the trial court's findings are not supported by the record, we overrule Appellant's assignment of error and affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

---

[2] While it did not recite R.C. 2929.14(C)(4)(b) word-for-word, we nevertheless discern that the trial court engaged in the correct analysis and conclude that the record contains evidence to support the findings. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and that costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.  It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J. concur in Judgment and Opinion.

For the Court,


_____
Jason P. Smith
Presiding Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**