[Cite as *State v. Lilly*, 2018-Ohio-1014.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2017-06-029 |
| Plaintiff-Appellee, | : | CA2017-06-030 |
| | : | O P I N I O N |
| - vs - | | 3/19/2018 |
| | : | |
| JEREMY THOMAS LILLY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 2016 CR 00616, 2016 CR 00733


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, Jeremy Thomas Lilly, appeals his sentence in the Clermont County Court of Common Pleas. For the reasons set forth below, we affirm his sentence.

{¶ 2} On November 8, 2016, the Clermont County Grand Jury returned a 16-count indictment charging Lilly with 9 fourth-degree felony counts of grand theft of a motor vehicle, two fifth-degree felony counts of arson, one fifth-degree felony count of theft from a person in

a protected class, two fifth-degree felony counts of breaking and entering, and two misdemeanor counts of attempted breaking and entering. On December 20, 2016, the Clermont County Grand Jury returned a two-count indictment charging Lilly with fifth-degree felony breaking and entering and fourth-degree felony safecracking.

{¶ 3} Lilly pled guilty to 9 fourth-degree felony counts of grand theft of a motor vehicle, one fifth-degree felony count of theft from a person in a protected class, and three fifth-degree felony counts of breaking and entering. On February 15, 2017, the trial court found community control sanctions inconsistent with the principles and purposes of felony sentencing and sentenced Lilly to an aggregate 60-month prison term. However, prior to journalizing a sentencing entry, the trial court continued the sentence so that it could comply with R.C. 2929.13(B). On February 28, 2017, the trial court requested the Ohio Department of Rehabilitation and Correction ("ODRC") to provide it with the names of, contact information for, and programs details of one or more community control sanctions of at least one year's duration that were possibly available for Lilly.

{¶ 4} The trial court, concerned that R.C. 2929.13(B) may violate the separation of powers doctrine, issued a briefing schedule regarding the constitutionality of the statute and invited the Ohio attorney general to respond to the issue. The attorney general moved to intervene and filed a brief supporting the constitutionality of the statute. On April 19, 2017, the ODRC provided the trial court with a list of community control options, but did not provide any details regarding the listed programs. On May 19, 2017, the trial court held a second sentencing hearing. The trial court found R.C. 2929.13(B) constitutional and sentenced Lilly to an aggregate prison term of 60 months. On May 22, 2017, the trial court issued an amended judgment entry reflecting the aggregate prison term.

{¶ 5} Lilly now appeals from his sentence.

{¶ 6} Assignment of Error No. 1:

- 2 -

{¶ 7}   THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM[.]

{¶ 8}   Assignment of Error No. 2:

{¶ 9}   THE TRIAL COURT ERRED IN APPLYING A "PURPOSES AND PRINCIPLES OF SENTENCING" TEST TO THE PROGRAMS IDENTIFIED BY THE ODRC[.]

{¶ 10}   Assignment of Error No. 3:

{¶ 11}   PROVISIONS OF R.C. 2929.13(B) ARE UNCONSTITUTIONAL AS VIOLATIVE OF THE SEPARATION OF POWERS DOCTRINE[.]

{¶ 12}   Lilly contends the trial court did not have the discretion to sentence him to a prison term because R.C. 2929.13(B) dictates that imposition of a community control sanction is the only permissible sentence available to the facts of this case.  In so doing, Lilly argues the statute applies to a defendant who pleads guilty to multiple felonies of the fourth and fifth degrees, and at a minimum, the statute is ambiguous and the rule of lenity applies. Therefore, the trial court erred in conducting an analysis of the principles and purposes of sentencing.  Lilly further contends that certain provisions of R.C. 2929.13(B) violate the separation of powers doctrine, and therefore, are unconstitutional.

{¶ 13}   R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *accord State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6.  As explained in *Marcum*, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." (Emphasis deleted.) *Marcum* at ¶ 9.  Rather, pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law."  R.C. 2953.08(G)(2)(a)-(b).  Thus, "the language in R.C. 2953.08(G)(2) establishes an 'extremely

- 3 -

deferential standard of review.'" *Crawford* at ¶ 8.

{¶ 14} A sentence is not "clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8, citing *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 6.

{¶ 15} R.C. 2929.13(B)(1)(a) provides:

> Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:
>
> (i) The offender previously has not been convicted of or pleaded guilty to a felony offense.
>
> (ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.
>
> (iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.
>
> (iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

Thus, "R.C. 2929.13(B)(1)(a) sets forth a presumption for community control if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence." *State v. Napier*, 12th Dist. Clermont No. CA2016-04-022, 2017-Ohio-246, ¶ 44. However, the presumption is subject to the exceptions listed in R.C. 2929.13(B)(1)(b). *State*

*v. Parrado*, 11th Dist. Trumbull No. 2015-T-0069, 2016-Ohio-1313, ¶ 16.

{¶ 16}   R.C. 2929.13(B)(1)(c) provides the procedure for a trial court to comply with its statutory requirements under the section, and states, if a court:

> believes that no community control sanctions are available for its use that, if imposed on the offender, will adequately fulfill the overriding principles and purposes of sentencing, the court shall contact the department of rehabilitation and correction and ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

Then, "[n]ot later than forty-five days after receipt" of such a request from a court, the ODRC "shall provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court, if any."  R.C. 2929.13(B)(1)(c).  If the ODRC "provides the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court within the forty-five-day period specified in this division, the court shall impose upon the offender a community control sanction."  *Id.*  If the ODRC does not provide such information within the 45-day period, "the court may impose upon the offender a prison term under" R.C. 2929.13(B)(1)(b)(iv).

{¶ 17}   Specifically, R.C. 2929.13(B)(1)(b)(iv) provides:

> (b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if * * *:
>
> * * *
>
> (iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control

- 5 -

sanction of at least one year's duration that is available for persons sentenced by the court.

{¶ 18} In consideration of the 45-day period described above, it is clear R.C. 2929.13 provided the trial court discretion to sentence Lilly to a prison term. On February 15, 2017, the trial court found community control sanctions inconsistent with the principles and purposes of felony sentencing. On February 28, 2017, the trial court requested the ODRC to provide it with the names of, contact information for, and programs details of one or more community control sanctions of at least one-year's duration that may have been available for Lilly. Therefore, the trial court complied with the procedure set forth in R.C. 2929.13(B)(1)(c).

{¶ 19} On April 19, 2017, the ODRC provided the trial court with a list of possible community control sanctions. Therefore, 50 days had passed before the ODRC provided the trial court with such possible sanctions. Thus, pursuant to R.C. 2929.13(B)(1)(b)(iv), the trial court had discretion to sentence Lilly to a prison term. Furthermore, after a thorough review of the record, we find no error in the trial court's decision to sentence Lilly to an aggregate 60-month prison term. The record reflects that Lilly's sentence is not clearly and convincingly contrary to law because the trial court considered the principles and purposes of felony sentencing pursuant to R.C. 2929.11, weighed the seriousness and recidivism factors set forth under R.C. 2929.12, and its findings were supported by the record.

{¶ 20} In consideration of our finding that the sentence imposed by the trial court was not clearly and convincingly contrary to law, we find Lilly's remaining arguments regarding R.C. 2929.13(B) moot.

{¶ 21} Accordingly, Lilly's first, second, and third assignments of error are overruled.

{¶ 22} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.