[Cite as *State v. Carpenter*, 2020-Ohio-2791.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| AUSTIN CARPENTER, | : | Case No. 2020 CA 0010 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County
                              Court of Common Pleas, Case No.
                              19 CR 167

JUDGMENT:                     Affirmed

DATE OF JUDGMENT:             May 4, 2020

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM C. HAYES                      STEPHEN T. WOLFE
Licking County Prosecutor             Wolfe Law Group, LLC
                                      1350 W. 5th Ave., Suite 330
By: PAULA M. SAWYERS                  Columbus, Ohio 43212
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio  43055

*Baldwin, J.*

{¶1}   Defendant-appellant Austin Carpenter appeals his sentence from the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   The facts, as agreed to by the parties, are as follows:

{¶3}   On November 20, 2018, a confidential informant ("CI") working with the Central Ohio Drug Enforcement Task Force exchange text messaged with Brent Bevard to purchase heroin. (Tr. Plea at 9).   The CI was searched, wired, and provided money and went to pick up Bevard on East Main Street in Newark, Licking County, Ohio.  (Tr. Plea at 9-10).  The pair then traveled to 1253 Green Valley Drive, Apartment A, in Heath, Licking County, Ohio. (Tr. Plea at 10).   Brent Bevard left the car and went into the apartment calling the CI up to the apartment after a short period of time. *Id.* At that point, the CI was introduced to A.J., later identified as appellant, Austin Carpenter. *Id.* Appellant weighed the suspected heroin and exchanged the heroin for cash from the CI. *Id.*

{¶4}   On February 27, 2019, a CI exchanged messages with appellant regarding the sale of heroin.  The CI was searched, wired, and went to 1253 Green Valley Drive, Apartment A, Heath, Licking County, Ohio, and met with appellant.   Appellant handed heroin to the CI in exchange for cash.

{¶5}   On March 12, 2019, Detective Voeglmeier effectuated a traffic stop on Franklin Avenue in Heath, Licking County, Ohio, on a 2000 GMC Sonoma operated by Appellant who was under a license suspension. (Tr. Plea at 11). Appellant continued to drive until reaching a driveway. *Id.* Officers determined that appellant had stuffed twenty-two (22) 10 mg Oxycodone pills down his pants. *Id.*

{¶6} Later that day during a consent search of appellant's residence in Heath, several substances were recovered, including 2.14 grams of fentanyl and thirty (30) 20mg tablets which were determined to be amphetamine. (Tr. Plea at 11-12).

{¶7} On March 21, 2019, the Licking County Grand Jury indicted appellant on one count of aggravated trafficking in drugs (fentanyl) in violation of R.C. 2925.03(A)(1)(C)(1)(a), a felony of the fourth degree, one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, one count of aggravated trafficking in drugs (oxycodone) in violation of R.C. 2925.03(A)(2)(C)(1)(a), a felony of the fourth degree, and one count of trafficking in drugs (heroin) in violation of R.C. 2925.03(A)(1)(C)(6)(c), a felony of the fourth degree. The indictment also contained a forfeiture specification concerning U.S. currency. At his arraignment on March 26, 2019, appellant entered a plea of not guilty to the charges.

{¶8} A superseding indictment was filed on April 25, 2019 charging appellant with the additional offenses of aggravated possession of drugs (Adderall/amphetamine/dextroamphetamine) in violation of R.C. 2925.11(A)(C)(1)(a), a felony of the fifth degree, one count of aggravated possession of drugs (fentanyl) in violation of R.C. 2925.11(A)(C)(a)(a), a felony of the fifth degree, one count of possession of drugs (hashish liquid) in violation of R.C. 2925.11(A)(C)(6)(c), a felony of the fifth degree, and one count of trafficking in drugs (heroin) in violation of R.C. 2925.03(A)(1)(C)(6)(c), a felony of the fourth degree. The superseding indictment also contained a forfeiture specification. A written plea of not guilty was filed.

{¶9} Thereafter, on December 17, 2019, appellant withdrew his former not guilty plea and entered a plea of guilty to aggravated trafficking in drugs (oxycodone),

aggravated possession of drugs (Adderall/amphetamine/dextroamphetamine), aggravated possession of drugs (fentanyl) and aggravated trafficking in drugs (heroin). The remaining charges were dismissed. Appellant also agreed to the forfeiture.

**{¶10}** As memorialized in a Judgment Entry filed on January 15, 2020, appellant was sentenced to consecutive sentences for an aggregate prison sentence of four and half years.

**{¶11}** Appellant now raises the following assignments of error on appeal:

**{¶12}** "I. THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES."

**{¶13}** "II. THE TRIAL COURT ERRED WHEN IT IMPOSED PRISON SENTENCES."

I

**{¶14}** Appellant, in his first assignment of error, argues that the trial court erred in imposing consecutive sentences.

**{¶15}** R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231 ¶ 1. Pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)–(b).

**{¶16}** R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences. In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony

offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C) (4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis in order to impose consecutive sentences.

{¶17}  R.C. 2929.14(C)(4) provides,

{¶18} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶19}  (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶20}  (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶21}  (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶22}** Thus, in order for a trial court to impose consecutive sentences, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post-release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

**{¶23}** In the case sub judice, appellant concedes that the trial court found that the sentences were necessary to protect the public and were not disproportionate. However, appellant specifically contends that the trial court did not make any of the three additional findings and could not make such findings.

**{¶24}** In sentencing appellant, the trial court found that "a single sentence would not reflect the seriousness of your conduct, and that your criminal history would demonstrate that consecutive sentences are necessary." Sentencing Transcript at 9. The trial court noted that appellant had a history of criminal convictions and delinquency

adjudications and had not yet responded favorably to drug and alcohol treatment.  In its Sentencing Entry, the trial court found as follows:

{¶25}  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶26}  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶27}  In the case at bar, the record contains evidence that the trial court engaged in the appropriate analysis before imposing consecutive sentences and considered the appropriate factors before imposing consecutive sentences.

{¶28}  Appellant's first assignment of error is, therefore, overruled.

II

{¶29}  Appellant, in his second assignment of error, argues that the trial court erred in imposing prison sentences. Appellant specifically maintains that the trial court did not make the proper findings for imposing a prison sentence on non-violent, fourth and fifth degree felonies under R.C. 2929.13(B)(1)(b).

{¶30}  "R.C. 2929.13(B)(1)(a) sets forth a presumption for community control if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence." *State v. Napier*, 12th Dist. Clermont No. CA2016-04-022, 2017-Ohio-246, ¶ 44. The trial court, however, has discretion to impose a prison term if any of

the exceptions listed in R.C. 2929.13(B)(1)(b) apply. *State v. Lilly*, 12th Dist. Clermont Nos. CA2017-06-029 and CA2017-06-030, 2018-Ohio-1014, ¶ 15.

**{¶31}** R.C. 2929.13(B)(1)(b) states as follows:

**{¶32}** (b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

**{¶33}** (i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

**{¶34}** (ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

**{¶35}** (iii) The offender violated a term of the conditions of bond as set by the court.

**{¶36}** (iv) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

**{¶37}** (v) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

**{¶38}** (vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

**{¶39}** (vii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the

offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

{¶40} (viii) The offender committed the offense for hire or as part of an organized criminal activity.

{¶41} (ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

{¶42} (x) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶43} At the sentencing hearing, there was a discussion on the record that appellant had a pretrial bond violation and had a drug relapse.  As noted by appellee, this qualifies as one of the conditions for imposing a prison sentence on felonies of the fourth and fifth degree under R.C. 2929.13(B)(1)(b). The trial court further found on the record that appellant "engaged in organized criminal activity, the trafficking in narcotics; you have a history of criminal convictions and delinquency adjudications; you have not yet responded favorably to drug and alcohol treatment."  Sentencing Transcript at 8.

{¶44} Based on the foregoing, appellant's second assignment of error is overruled.

{¶45} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.